UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
ABDUL SHARIFF,

                                 Plaintiff,           **MEMORANDUM & ORDER**

           -against-                         11-cv-2551 (ENV) (LB)

BEACH 90TH STREET
REALTY CORP.,

                                Defendants.
---------------------------------------------------------------- x

VITALIANO, D.J.

Plaintiff Abdul Shariff brought this action against defendants New Super Wok Corp. ("NSWC"), a restaurant, and Beach 90th Street Realty Corp. ("Beach"), NSWC's landlord, alleging violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.*, New York State Human Rights Law ("NYSHRL"), New York City Human Rights Law ("NYCHRL"), and New York Civil Rights Law.[1] Beach failed to plead or otherwise defend this action, and the Clerk of Court entered a certificate of default on March 12, 2012. On February 4, 2013, Shariff moved for a default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. This Court referred the motion to Magistrate Judge Bloom in accordance with 28 U.S.C. § 636(b). Judge Bloom's Report and Recommendation (the "R&R") issued on November 8, 2013, and was served on

---

[1] All claims against NSWC were dismissed for failure to serve process pursuant to Fed. R. Civ. P. 4(m). (Dkt. No. 11.)

1

November 13, 2013, with objections due by November 27, 2013. No objections have been filed.

In reviewing a report and recommendation of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Further, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see also *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). Where, as here, no timely objection has been made, the "district court need only satisfy itself that there is no clear error on the face of the record" to accept a magistrate judge's report and recommendation. *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

With no objections having been filed, after careful review of the record, the Court finds the R&R to be correct, well-reasoned, and free of any clear error. The Court, therefore, adopts the R&R in its entirety as the opinion of the Court.

## Conclusion

For the above-stated reasons, a default judgment shall enter in favor of plaintiff and against Beach in the amount of $7,195.68, representing $1,000 in compensatory damages; $100 in statutory damages; $5,580.25 in attorney's fees; and $515.43 in costs. Additionally, should defendant permit the reopening of a restaurant at this location, then, upon electronic filing of proof of personal service of a copy of this Memorandum and Order on the operator of the restauarant, an

injunction shall issue, pursuant to which defendant, its assign and/or its lessee are to provide an accessible route at the subject premises which complies with ADA and the ADA Accessibility Guidelines ("ADAAG"), as follows: (1) Beach shall submit to plaintiff's counsel an architectural plan that remedies the ADAAG violations identified in the R&R within 60 days of the filing of the proof of service of this Memorandum and Order; (2) within 30 days from receipt of defendant's plans, Shariff shall consent to it or seek further relief from the Court; (3) Beach shall make any necessary alterations within 60 days of Shariff's consent or subsequent Order of this Court.

The Clerk of Court is directed to enter judgment and to close this case for administrative purposes.

SO ORDERED.

Dated: Brooklyn, New York
December 16, 2013

ERIC N. VITALIANO
United States District Judge